UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP WILLADSEN, | No.  2:21-cv-1192 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This matter is before the Court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[2]  (ECF No. 16.)  Plaintiff brought this action seeking judicial review of a final administrative decision denying plaintiff's applications for Disability Insurance Benefits under Title II of the Social Security Act.  On November 8, 2022, the Court granted the parties' stipulation to remand this matter to the Commissioner of Social Security and to enter judgment for the plaintiff.  (ECF No. 14.)

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 9.)

1

On February 1, 2023, plaintiff filed a motion seeking attorney's fees and costs in the amount of $9,926.89, pursuant to a contingency fee agreement. (ECF No. 16.) Defendant did not oppose plaintiff's motion.

## STANDARDS

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

## ANALYSIS

Here, the Court finds that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation, and that plaintiff's net worth did not exceed two million dollars when this

action was filed. (ECF No. 16-7 at 2.) With respect to substantial justification, "[s]ubstantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014) (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "'[T]he position of the United States includes both the government's litigation position and the underlying agency action.'" Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Meier, 727 F.3d at 870); see also Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified"). "In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified'—not whether the ALJ would ultimately deny disability benefits." Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017).

As noted above, "[i]t is the government's burden to show that its position was substantially justified." Meier, 727 F.3d at 870. Here, there is no basis for the Court to find that the government's position was substantially justified.

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[3] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins, 154 F.3d at 987. Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)).

---

[3] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested attorney rates are equal to the statutory maximum rates established by the Ninth Circuit. (ECF No. 16-1 at 2.)

The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's fee motion seeks compensation for 36.7 hours of attorney time and 7.3 hours of paralegal time for a total award of $9,926.89. (ECF No. 16-2; ECF No. 16-3.) The Court finds the hours expended to be reasonable when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. See Clark v. Colvin, No. 2:14-CV-0851 DB, 2016 WL 4179803, at *4 (E.D. Cal. Aug. 8, 2016) (finding 67.25 hours to be a reasonable amount of time); Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."). See generally Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Accordingly, after carefully reviewing the record and the pending motion, the Court declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161-62 (1990) ("the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items"); Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Duran v. Colvin, No. 2:11-cv-2978 DAD, 2013 WL 5673415, at *2 (E.D. Cal. Oct. 17, 2013).

However, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010). Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel

4

pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  The Court will incorporate such a provision in this order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 16) is granted;

2. Plaintiff is awarded $9,926.89 in attorney fees and cost under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: May 10, 2023          /s/ DEBORAH BARNES
                             UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\willadsen1192.eaja.ord